**Edward S. BEBAWY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4104.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2004.

Edward S. Bebawy, pro se, Nashville, TN, Petitioner.

Alison R. Drucker, Donald Keener, Washington, DC, for Respondent.

Before: SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

## ORDER

Edward S. Bebawy, a citizen of Egypt currently residing in Tennessee, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his requests for asylum, 8 U.S.C. § 1158, withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture (CAT). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bebawy entered this country in 1998, at the age of 28, on a visitor's visa. He overstayed the period allowed under the visa, and applied for the relief noted above. A hearing was held before an immigration judge (IJ), at which Bebawy testified that he was a Coptic Christian who had been subjected to persecution in Egypt by Islamic fundamentalists on the basis of his religion. He described an attack at his church in 1990, when he was stabbed in the face. He also testified that, after graduating from medical school, he was unable to practice his preferred specialty of obstetrics and gynecology, because Muslims would not allow him to see their women disrobed. Instead, he was placed at a mental hospital, where he reported that he was abused by a supervisor who was a Muslim. He was able to leave that position after two years, and obtained a better position practicing nephrology shortly before he left Egypt. He also testified that he was again attacked by Islamic fundamentalists in 1998 while volunteering at a Christian clinic, and was beaten with fists and kicked. His parents and sister were living in Tennessee at the time, and he joined them. The IJ determined that Bebawy was not entitled to the relief requested. The Board of Immigration Appeals affirmed the IJ's decision without opinion, and a timely petition for review was filed. This court granted Bebawy's motion for a stay of deportation pending the appeal.

In his brief, Bebawy reasserts the merits of his application. He also notes that his father became a United States citizen on December 13, 2002, making Bebawy eligible for a visa to adjust his status. However, his father died on February 6, 2003, before Bebawy had moved the Board of Immigration Appeals to reopen and re-

mand his case. His mother and younger sister remain here.

A petition for review of the denial of an asylum application must be denied unless the evidence presented would compel a reasonable finder of fact to reach the contrary result. *Koliada v. INS.* 259 F.3d 482, 486 (6th Cir.2001). Upon consideration, we conclude that the evidence in this case does not meet that standard.

Bebawy's inability to practice in his chosen specialty and his two-year assignment to an undesirable position on the ground of religious discrimination may be morally reprehensible, but did not amount to persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). The two attacks he described by Islamic fundamentalists do not amount to persecution, because Bebawy did not show that the Egyptian government was unable or unwilling to control those responsible. *Singh v. INS.* 134 F.3d 962, 967 n. 9 (9th Cir.1998). Bebawy did not report either assault to the police, and therefore did not show that the government would not have prosecuted his assailants.

Because Bebawy failed to satisfy the lesser standard of eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *Ghaly,* 58 F.3d at 1429. Likewise, because he did not press charges against his persecutors, the Egyptian government cannot be found to have acquiesced in torture, as would be required to warrant relief under the CAT. *Ali v. Reno,* 237 F.3d 591, 597–98 (6th Cir.2001).

Bebawy's plea for equitable consideration of the timing of his eligibility for adjustment of status and his father's death were never presented by motion to the Board of Immigration Appeals, and this court therefore lacks jurisdiction to consid-er this information. *Witter v. INS,* 113 F.3d 549, 554 (5th Cir.1997).

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.